# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9475 | **DATE** | 6/7/2004 |
| **CASE TITLE** | JAMES SULLIVAN vs. MAKECO PLUMBING, LTD., ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter memorandum opinion and order entering and continuing defendants motions (12-1 and 13-1) to vacate default judgment until further order of court.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 0 8 2004 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JAMES S. SULLIVAN, not individually but as Trustee of PLUMBERS' PENSION FUND, LOCAL 130, U.A., etc.,

Plaintiff,

v.

MAKECO PLUMBING, LTD.; EILEEN JOYCE d/b/a Makeco Plumbing; and PATRICK JOYCE d/b/a Makeco Plumbing,

Defendants.

No. 02 C 9475
Judge James B. Zagel

DOCKETED
JUN 0 8 2004

## MEMORANDUM OPINION AND ORDER

This is an ERISA action in which Plaintiff James T. Sullivan, not individually, but as Trustee of Plumbers' Pension Fund, Local 130, U.A., Plumbers' Welfare Fund, Local 130, U.A., The Trust Fund for Apprentice and Journeymen Education and Training, Local 130, U.A., and Chicago Journeymen Plumbers' Local 130, U.A., Group Legal Services Plan Fund ("Plaintiff") seeks damages against Defendants Makeco Plumbing, Ltd. ("Makeco"), Eileen Joyce d/b/a Makeco Plumbing, Ltd. ("Eileen"), and Patrick Joyce d/b/a Makeco Plumbing, Ltd. ("Patrick") for unpaid contributions, penalties, interest, liquidated damages, audit costs, attorneys' fees, and court costs pursuant to collective bargaining agreements between Makeco and the Union and pursuant to ERISA, 29 U.S.C. § 1001 *et. seq.*

After Defendants failed to allow an audit of their books and records, Plaintiff filed this lawsuit on behalf of the Funds on December 30, 2002, to obtain an audit and recover all appropriate damages. In the complaint – and at every subsequent stage thereafter – Plaintiff requested the same relief, an audit for the period from January 25, 1996 to the present, and

judgment in favor of Plaintiff and against Defendants for all unpaid contributions, penalties, interest, liquidated damages, audit costs, attorneys' fees, and court costs owed under the collective bargaining agreement and ERISA. Although duly served, Defendants did not respond.

On February 4, 2003, Plaintiff filed an Amended Complaint seeking an audit and all appropriate damages. Although duly served, Defendants did not respond.

On April 1, 2003, Plaintiff filed a Motion for Default seeking judgment for an audit and all appropriate damages. Although duly served, Defendants did not respond.

On April 8, 2003, I entered an Order finding each Defendant in default and awarding the relief requested in Plaintiff's Motion for Default. The Order was duly served on Defendants.

On May 1, 2003, Plaintiff filed a Motion for a Rule to Show Cause and for attorneys' fees and costs incurred in preparing the Motion, based on Defendants' failure to comply with the Court Order of April 8, 2003. Defendants did not respond.

On May 8, 2003, I issued a Rule to Show Cause directing each Defendant to appear and show cause why they should not be held in contempt for failing to comply with the Court Order. I continued the hearing on the Rule on several occasions while Plaintiff tried to obtain Defendants' cooperation and the documents for the compliance audit. Unable to obtain cooperation or sufficient documentation from Defendants, Plaintiff resorted to issuing subpoenas to third parties in an effort to obtain information and documents for the audit.

Upon completing the compliance audit, the certified public accounting firm of Kaplan & Co. issued its Report of Audit Changes ("Audit Report"). The Audit Report revealed that over $210,000 was owed for unpaid contributions and other payments.

On February 5, 2004, Plaintiff sent copies of the Audit Report to the Defendants, along with a cover letter demanding payment of $334,670.65 and informing them that Plaintiff would seek judgment if payment were not made.

On February 10, 2004, Plaintiff received a telephone call from a person identifying himself as attorney Frank Howard and stating that he was calling for Patrick. Plaintiff informed the caller of the status of this case, including that Patrick was in default, that the Audit Report had been issued, and that Plaintiff was demanding over $330,000. There was no further contact.

On February 24, 2004, Plaintiff filed his Motion for Default Judgment and served copies on Defendants. Defendants did not respond.

On March 2, 2004, I granted Plaintiff's Motion and entered a final judgment against Defendants in the amount of $339,267.60.

On March 2, 2004, Plaintiff received a telephone call from a person identifying himself as Patrick. At that time, Plaintiff confirmed that I had entered judgment for over $330,000.

Defendants Eileen, Patrick, and Makeco now move to vacate the default judgment. Eileen Joyce claims that she was out of the country until February 25, 2004 and thus did not see Plaintiff's most recent Motion for Default until after March 2, 2004. After notifying Patrick Joyce of her intention to do so, she filed her Motion to Vacate on April 1, 2004.

Patrick Joyce (and Makeco) claims that he did not receive the Motion for Default until March 3, 2004. Moreover, he claims that from a conversation with a union official on February 26, 2004 (this very well could have been the same conversation alleged to have occurred by Plaintiff on March 2, 2004), he had the impression that I was going to continue the case to give him time to obtain counsel. Patrick Joyce alleges that he subsequently learned of my entry of

3

default judgment on or about March 23, 2004. After learning that Eileen was filing a Motion to Vacate, he (and Makeco) also filed a Motion to Vacate on April 6, 2004.

Defendants have moved to vacate under both Federal Rule of Civil Procedure 60(b)(1) and (6). However, these provisions are mutually exclusive. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 393 (1993). Rule 60(b)(6) allows relief only where "extraordinary circumstances" show that the party seeking to vacate is faultless. *Id.* However, where a party is partly to blame – as here – and seeks relief for neglect that is excusable, the party may proceed only pursuant to and within the time frame of Rule 60(b)(1). Rule 60(b)(1) provides that I may vacate a judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." This rule "establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). Defendants must show: (1) "good cause" for the default, (2) "quick action" to correct, and (3) the existence of a "meritorious defense." *Id.*

It is doubtful that Defendants have satisfied their burden under Rule 60(b)(1). The initial entry of default in this case was entered on April 8, 2003, and Defendants neither took action in response to this entry nor took any action during the subsequent Rule to Show Cause proceeding and during the course of the audit. In essence, the purported reason for their non-participation, offered by Patrick and Makeco, was that Defendants essentially knew they were liable for underpayment, but did not realize that the amount of underpayment would be so large and did not realize that they would be also liable for attorneys' fees and audit fees at the conclusion of the

audit. Defendants therefore acknowledge their liability but dispute the amount of liability. Their failure to realize their liability for costs and fees is entirely irrelevant.

Although there might be good reason to doubt the sincerity of Defendants' proffered reason for failing to participate in this case and although Defendants may not have satisfied the requirements of Rule 60(b)(1) for vacating a default judgment, I am inclined to proceed down a path of lenity that gives Defendants an undeserved opportunity to dispute the amount of their liability to Plaintiff. But such an opportunity must be crafted in a manner that acknowledges Defendants' history of non-participation in this case up to this point and the ensuing expenses and work for Plaintiff as a result of their non-participation and refusal to cooperate with the audit. Also, the opportunity must guard against further delay and prejudice to Plaintiff by ensuring, as best as it can, that any further actions by Defendants will be taken for the good faith purposes of meritoriously defending themselves.

If I grant any portion of Defendants' respective Motions to Vacate Default Judgment, I will not do so as to the portion of the entry of judgment pertaining to the $24,383.75 in audit costs and the $22,746.52 in attorneys' fees and costs. These are damages for which Defendants acknowledge they are liable jointly and severally as a result of at least some amount of unpaid contributions and their non-participation and refusal to cooperate in this case up to this point. Accordingly, I will not consider granting any portion of Defendants' motions until they satisfy in full this portion of the entry of judgment for a total amount of $47,130.27. If Defendants fail to satisfy this portion within twenty (20) days of the date of this order, then I will deny their respective motions. If they pay within the time allowed, however, I will enter an order vacating the default as to the remaining portions of the entry of judgment.

In the meantime, Defendant Patrick Joyce's and Defendant Makeco Plumbing, Ltd.'s Motion to Vacate Default Judgment and Defendant Eileen Joyce's Motion to Vacate Default Judgment are ENTERED AND CONTINUED.

ENTER:

James B. Zagel
United States District Judge

DATE: JUN 0 7 2004